Dear Mayor Arceneaux:
You have asked for an Attorney General's Opinion on the validity and ramifications of an ordinance adopted by the Board of Aldermen concerning access to Erath's Town Hall. That ordinance adds the following section to the Code of Ordinances for the Town of Erath:
 The Mayor, each member of the Board of Aldermen, and the Town Clerk shall, at all times, have keys to all exterior doors providing ingress and egress to Town Hall, to the Mayor's office in Town Hall, the storage closet in Town Hall, and to the Meeting Room in Town Hall. Only the Mayor and the Town Clerk shall have keys to the doors providing ingress and egress to the Town Clerk's office. The Mayor may designate such other persons as may be necessary to have keys to the exterior doors providing ingress and egress to Town Hall. All keys issued shall be numbered and a ledger shall be kept and maintained by the Town Clerk recording the name of each person to whom a key is issued.
The Town of Erath is a Lawrason Act municipality. You are concerned with any potential conflicts this ordinance has on the mayor's duties pursuant to LSA-R.S. 33:404(A)(1), which reads:
 A. The mayor shall have the following powers, duties and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, officers, and agencies, other than a police department with an elected chief of police, in conformity with ordinance adopted by the board of aldermen and with applicable provisions of state law. All administrative staff shall be subordinate to the mayor.
In Opinion Number 92-833 this office concluded, "the mayor of a Lawrason Act community may regulate access to the town hall by restricting admission to the building to working hours without interference by the aldermen. This would obviously include restricting distribution of keys to the building."
However, this general authority is subject to change, "in conformity with ordinances adopted by the board of aldermen." LSA-R.S. 33:404(A)(1). As succinctly stated in Opinion Number 94-277, the mayor "is the administrator of the property, but the aldermen may control the use by legislation." Should the Board of Aldermen deem it necessary to adopt an ordinance allowing board members access to the Town Hall, it is the opinion of this office that the above cited resolution is a proper exercise of the Board of Aldermen's powers.
You state an additional concern regarding the Mayor's and Town Clerk's responsibilities and liabilities as custodians of their respective office's public records. A custodian "shall exercise diligence and care in preserving the public record. . .". LSA-R.S.44:36(A). To what extent a custodian exercises this duty is within his or her reasonable discretion.
The fact that others besides the custodian have access to the Town Hall does not mean that they have unbridled access to the records in the custody of the Mayor or Clerk of Court. Any person who is not the custodian of a record who wishes access to that record may be required by the custodian to follow the public record examination provisions provided in LSA-R.S. 44:32. This necessarily applies to aldermen.
As stated in Attorney General Opinion Number 99-175, the Mayor as custodian may assess a reasonable fee to offset the cost of duplicating public records and members of the Board of Aldermen are not exempt from payment of this fee. The same conclusion applies to your concerns. Aldermen, like any requestor, may request to view a public record. However, this access is subject to the custodian's powers and duties as provided by the Public Records Act.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb